UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARYLVON JEROME BELTON,

    Plaintiff,

v.                              Case No. 3:21-cv-01022-BJD-JRK

SOUTHERN CORRECTIONAL
MEDICINE and PUTNAM
COUNTY SHERIFF'S OFFICE,

    Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Darylvon Jerome Belton, an inmate of the Florida penal system, initiated this action pro se by filing an unsigned complaint for the violation of civil rights (Doc. 1; Compl.) and an incomplete motion to proceed in forma pauperis (Doc. 2). According to the Florida Department of Corrections website, Plaintiff currently is housed at Florida State Prison,[1] but his claims arise out of conduct that occurred when he was detained at the Putnam County Jail. See Compl. at 4-5. Plaintiff alleges he was exposed to tuberculosis at the jail because his cellmate was not properly or timely diagnosed. Id. at 5. He

---

[1] See Offender Information Search, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited Oct. 26, 2021). According to the institution stamp, when Plaintiff mailed his complaint, he was housed at the Reception and Medical Center. See Compl. at 1.

alleges his "life was put in direct danger due to improper medical treatment," and he requested a tuberculosis shot but did not receive one. Id. As relief, he seeks compensatory damages of $500,000. Id.[2]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[2] Plaintiff's complaint is remarkably similar to the one filed by another former Putnam County Jail inmate, James Anthony Young. See Case No. 3:21-cv-00946-BJD-PDB (Doc. 1). The complaint allegations are not identical, but the complaints are similar in general ways: they (1) are unsigned; (2) name nearly the same Defendants; (3) do not identify the federal law allegedly violated in section II.B.; (4) are missing page 7 (which contains information about grievances filed); and (5) complain about exposure to infection, including tuberculosis. While both complaints are unsigned, it appears each respective inmate completed and submitted his own complaint because the handwriting of each matches that of the associated motion to proceed in forma pauperis, which does include a signature, and of the mailing envelope. It appears the two men wrote the complaints when they were housed together at the jail but mailed their complaints when they were transferred to their respective prisons.

2

its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983.

Plaintiff names two Defendants: the Putnam County Sheriff's Office and Southern Correctional Medicine. Id. at 1, 2. He does not identify a constitutional right either entity allegedly violated. Id. at 3. Regardless, Plaintiff fails to state a plausible claim for relief against the Putnam County

Sheriff's Office because a jail or sheriff's office is not "a person" under § 1983. Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office).

Plaintiff also fails to state a claim against Southern Correctional Medicine because he does not allege the existence of a "custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused a constitutional violation. Moody v. City of Delray Bch., 609 F. App'x 966, 967 (11th Cir. 2015) (citing McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004)). See also Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (holding that § 1983 applies to municipalities but liability arises only when a "municipal policy of some nature cause[s] a constitutional tort").[3] Plaintiff's claims are premised not on an unconstitutional policy or a history of widespread abuse but rather on his own experiences at the jail. See Grider v. Cook, 590 F. App'x 876, 882 (11th Cir. 2014) (holding the plaintiff failed to plead a plausible claim against municipal defendants because his "allegations involved only . . . himself and not a widespread practice or custom").

---

[3] "[W]hen a private entity ... contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under [§] 1983." Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting with second alteration Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997)).

4

Even if a jail or Southern Correctional Medicine employee failed to timely diagnose Plaintiff's cellmate with tuberculosis, which caused Plaintiff to be exposed, such conduct amounts to negligence, not a constitutional violation that can be redressed under § 1983. A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983.[4] See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

The Eleventh Circuit has emphasized that "deliberate indifference is not a constitutionalized version of common-law negligence." Swain v. Junior, 961 F.3d 1276, 1288 (11th Cir. 2020) (emphasis in original). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice

---

[4] "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled in part on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As such, Eighth Amendment decisional law applies to cases involving pretrial detainees. Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)). See also Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"). When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985).

Here, Plaintiff describes misdiagnosis, which suggests negligence. Indeed, in an attachment to his complaint (Doc. 1-1; Ex.), Plaintiff concedes medical providers made a "mistake" in failing to diagnose his cellmate. See Ex. at 1. Notably, Plaintiff does not allege jail officials intentionally placed him in close contact with an inmate known to have tuberculosis. See Compl. at 5. While jail officials may have known his cellmate was sick with "something," Plaintiff acknowledges "they could not find out what was wrong." Id.

Additionally, Plaintiff does not allege he was denied medical treatment, nor does he describe medical treatment that falls below constitutional standards. He acknowledges medical staff tested him after discovering his cellmate was sick and prescribed medication for him. See Ex. at 1. Even if Plaintiff was denied a tuberculosis shot when he requested one, see Compl. at

6

5, he describes a mere disagreement with medical treatment, which is not actionable under § 1983, see Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . .").

Because Plaintiff fails to state a plausible claim for relief, his complaint is subject to dismissal without prejudice subject to his right to initiate a new action to pursue any cognizable claims he may have.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.[5]

4. The **Clerk** shall update Plaintiff's address to reflect that he is housed at Florida State Prison and send copies to him at that address.

---

[5] Plaintiff must sign any pleading he files with the Court. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented.").

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of October 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Darylvon Jerome Belton, # 897180

8